UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES MARK VOGEL,

                Petitioner,

v.

THOMAS ROY,
Commissioner of Corrections,

                Respondent.

Civil No. 11-1421 (PJS/JJG)

**REPORT AND
RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1.)   The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.   For the reasons discussed below, it is recommended that this action be summarily dismissed without prejudice pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I.      BACKGROUND

Petitioner is a prisoner at the Minnesota Correctional Facility at Lino Lakes, Minnesota.   He is serving a 65-month prison sentence that was imposed in the state district court for Aitkin County, Minnesota.   Petitioner was sentenced after pleading guilty to a charge of "first degree driving while impaired."   (Petition, p. (2), §§ 1-5.)

After Petitioner was convicted and sentenced, he filed a motion to withdraw

---

[1]   Rule 4 provides that "[i]f  it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

his guilty plea.  That motion was denied by the trial court, and Petitioner then filed an appeal.

On appeal, Petitioner argued that he had been coerced into pleading guilty, because he was denied adequate medical care during his pre-trial confinement in a county jail.  The Minnesota Court of Appeals rejected Petitioner's arguments, and affirmed his conviction and sentence, and the Minnesota Supreme Court denied Petitioner's subsequent petition for further review.  <u>Vogel v. State</u>, No. A10-901 (Minn.App. 2011), 2011 WL 589629 (unpublished opinion), <u>rev</u>. <u>denied</u>, May 17, 2011.

Petitioner's current habeas corpus petition lists four grounds for relief, which are described as follows:

(1) "Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily."

(2) "Conviction obtained by way of induced guilty plea in violation of my rights against self-incrimination."

(3) "Ineffective assistance of counsel."

(4) "Deliberate Indifference to a Serious Medical Need."

(Petition, pp. (5)-(6), ¶ 12.)

Petitioner's first, second and fourth grounds for relief appear to be closely related variants of the claims that he raised in his state court appeal.  For now, the Court will assume that Petitioner has exhausted his state court remedies for those three claims, (although Respondent will retain the right to challenge that assumption

at a later date, if there are plausible reasons for doing so).

However, Ground Three of the current petition, "ineffective assistance of counsel," was <u>not</u> raised in Petitioner's state court appeal.  Petitioner has candidly acknowledged that he did not raise any ineffective assistance of counsel claims in the state courts.  (Petition, p. (6), § 13.)

Because Petitioner has not presented his ineffective of counsel claims to the state courts, he has not exhausted his state court remedies for those claims.  As a result, Petitioner's current habeas corpus petition cannot be entertained in federal court.

## II.      DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.   28 U.S.C. § 2254(b); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 842 (1999); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).   This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged errors raised by state prisoners.  <u>O'Sullivan</u>, 526 U.S. at 844; <u>Rose</u>, 455 U.S. at 518-19; <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995) (<u>per</u> <u>curiam</u>).  To satisfy the exhaustion of state court remedies requirement, a prisoner must fairly present his or her claims to the highest available state court before seeking relief in federal court.  <u>O'Sullivan</u>, 526 U.S. at 845.

The United States Supreme Court has explained the exhaustion of state court

remedies requirement as follows:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.]   To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. [Citations omitted]."

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

A habeas petitioner must exhaust his state court remedies for all of the claims that he seeks to raise in a federal habeas corpus petition.  A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- must be dismissed for non-exhaustion.  Rose, 455 U.S. at 510, 522.

Here, it is readily apparent that at least one of Petitioner's current grounds for relief, i.e., Ground Three, "ineffective assistance of counsel," has not been exhausted, because Petitioner has not raised any such claim in the Minnesota state courts.  As a result, Ground Three is "unexhausted" for federal habeas purposes.[2]

Furthermore, there is a state court remedy that might still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. §§ 590.01 et seq.  The Court recognizes that Petitioner might be procedurally barred under state law from raising his unexhausted claims in a state post-conviction motion, if the state courts determine that those claims could have

---

[2]   As discussed above, the Court is presently assuming that Petitioner's other three grounds for relief, (Grounds One, Two and Four), were fairly presented to the Minnesota Court of Appeals and the Minnesota Supreme Court.  However, the Court has not made a final determination that those three grounds for relief have in fact been exhausted.

been previously raised on direct appeal.   <u>McCall v. Benson</u>, 114 F.3d 754, 757 (8th Cir. 1997), citing <u>State v. Knaffla</u>, 243 N.W.2d 737, 741 (Minn. 1976); <u>Roby v. State</u>, 531 N.W.2d 482, 484 (Minn. 1995).   However, it is preferable to have the Minnesota state courts, rather than the federal district court, decide whether Petitioner's unexhausted federal constitutional claims can still be heard and decided on the merits in state court.   <u>See</u> <u>Nelson v. Solem</u>, 714 F.2d 57, 60 (8th Cir. 1983) ("[b]ecause there has been no showing that further resort to state procedures for post-conviction relief would be futile, we affirm the district court's decision to dismiss [the] habeas petition without prejudice for lack of exhaustion").[3]

Because Petitioner has not satisfied the exhaustion of state court remedies requirement for at least one of his current claims, (i.e., Ground Three), he has filed a "mixed petition" that cannot be entertained in federal court.   <u>Rose</u>, <u>supra</u>.   The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.   However, it will be recommended that the action be

---

[3]   At this point, it cannot be determined whether the state courts actually will adjudicate Petitioner's unexhausted claims on the merits.   Historically, the Minnesota state courts have entertained post-conviction claims of ineffective assistance of <u>appellate</u> counsel, but they have been less willing to entertain post-conviction claims of ineffective assistance of <u>trial</u> counsel.   <u>See</u> <u>Leake v. State</u>, 737 N.W.2d 531, 535-36 (Minn. 2007).   If any post-conviction claims are rejected without reaching the merits, because Petitioner failed to comply with applicable state procedural rules, those claims will be procedurally defaulted, and they will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual innocence.   <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).   <u>See</u> <u>also</u> <u>Jones v. Jerrison</u>, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting <u>Coleman</u>, 501 U.S. at 732.

dismissed *without prejudice*, so that Petitioner can return to the state courts and attempt to exhaust his presently unexhausted claims of ineffective assistance of counsel.  Petitioner may return to federal court, (if necessary), after the state courts, *including the Minnesota Supreme Court*, have reviewed and decided *all* of the claims that he seeks to present in federal court.  See Ashker v. Leapley, 5 F.3d 1178, 1180 (8th Cir. 1993); see also Nelson, supra.

The Court recognizes that a state prisoner who files a mixed habeas petition can elect to abandon his unexhausted claims, and proceed with an amended petition that includes only his fully exhausted claims.  Jackson v. Domire, 180 F.3d 919, 920 (8th Cir. 1999) (per curiam); Victor v. Hopkins, 90 F.3d 276, 282 (8th Cir. 1996), cert. denied, 519 U.S. 1153 (1997); Doty v. Lund, 78 F.Supp.2d 898, 904 (N.D.Iowa 1999).  If Petitioner intends to exercise that option here, he should file an *entirely new amended petition* that includes *only fully exhausted claims*, and he should do so before the deadline for filing objections to this Report and Recommendation.  If Petitioner does not file such an amended petition before that deadline, it is the Court's recommendation that Petitioner be deemed to have waived the option to amend, and that the action then be summarily dismissed without prejudice.  Petitioner should note that if he does file an amended petition that includes only his exhausted claims, he presumably will be barred from raising any other claims in any future (successive) federal habeas petition.  See 28 U.S.C. § 2244(b)(2).

In light of the Court's recommendation that this action be summarily dismissed, it will be further recommended that Petitioner's application to proceed in

forma pauperis, (IFP), be denied.   See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## III.      RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.  Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2.  This action be summarily **DISMISSED WITHOUT PREJUDICE**, unless, before the deadline for filing objections to this Report and Recommendation, Petitioner files an amended habeas corpus petition listing only fully exhausted claims.


Dated: June 2, 2011                        _s/ Jeanne J. Graham_____
                                           JEANNE J. GRAHAM
                                           United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **June 17, 2011**.  A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words.  The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.